UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Case No.: 19-11668

LAWN ENFORCEMENT AGENCY,
INC., AND MICHAEL TROIANO,

    Appellants,

v.

AUSTIN BROWN,

    Appellee.

_____/

## APPELLANTS' RESPONSE TO APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Respectfully submitted by,

Andrew S. Ballentine
deBeaubian, Simmons, Knight,
Mantzaris & Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454
ABallentine@DSKLawGroup.com

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure and the rules of this Court, Appellant submits the following Certificate of Interested Persons:

1. Ballentine, Andrew – Attorney for Appellant

2. Brown, Austin – Plaintiff/Appellee

3. Koves, Juliette – Attorney for Defendants/Appellant

4. Lawn Enforcement Agency, Inc. – Defendant/Appellant

    a. No publicly held corporation has an ownership interest.

5. Mantzaris, Daniel – Attorney for Appellants

6. Massey, Michael – Attorney for Plaintiff/Appellee

7. Troiano, Michael – Defendant/Appellant

8. Walker, Mark – United States District Judge

**Appellants' Response to Appellee's Motion to Dismiss for Lack of Jurisdiction**

Appellants, LAWN ENFORCEMENT AGENCY, INC., and MICHAEL TROIANO ("Appellants"), by counsel and pursuant to Federal Rule of Appellate Procedure 27(a)(3) and Eleventh Circuit Rule 27-1, file this response and state as follows:

1. On May 7, 2019, Appellee, AUSTIN BROWN ("Brown"), filed its Motion to Dismiss for Lack of Jurisdiction (the "Motion"). (Doc. 4). Brown's Motion requests that this Court dismiss the pending appeal as to the lower court's Order on Damages, Fees and Costs, dated February 26, 2019 (the "Order"), since Appellant's notice of Appeal was allegedly untimely for that Order. (Doc. 4, p. 3) (citing District Court ECF No. 47).

2. To support the Motion, Brown cites to two Supreme Court cases and a case from the United States Circuit Court for the Ninth Circuit. (Doc. 4 at 3–4). For the reasons stated below, these cases are inapplicable to the issue of whether the Order can be considered by this Court as a part of the present appeal.

3. In the Order, the lower court specifically refused to grant entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) in regard to its rulings therein. (District Court ECF No. 47 at 3, ¶ 3). A copy of the Order is attached hereto as Exhibit "A" pursuant to Fed. R. App. P. 27(a)(2)(B) and Eleventh Circuit Rule 27-1(a)(3).

4. Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. **Otherwise, any order** or other decision, however designated, **that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties** and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis supplied).

5. The Supreme Court in *Gelboim v. Bank of America Corp.* stated that a "final decision is one by which a district court disassociates itself from a case." 135 S. Ct. 897, 902 (2015) (internal quotations omitted). The Court agreed with the respondent's contentions that an order without a Rule 54(b) certification is not an appealable order. *Id.* at 904; *see also id.* at 906 (applying Rule 54(b) to the lower court's proceedings and the requirement of finality in multiple claim proceedings).

6. In *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, this Court similarly addressed the issue of Rule 54(b) certifications and the finality of an order. 483 F. 3d 773 (11th Cir. 2007). The lower court in *Tenet* certified its ruling on summary judgment pursuant to Rule 54(b) and the appeal followed. *Id.* at 775–77. From the discussion that follows, it is clear that a Rule 54(b) certification is a

threshold issue for appellate jurisdiction and therefore immediately appealable. *Id.* at 777, 779.

7. Under the clear precedent of *Gelboim* and *Tenet*, it is absolutely clear that the Order was not final and therefore not appealable pursuant to 28 U.S.C. § 1291. The lower court never made the required certification under Rule 54(b) in order to make the Order final. (District Court ECF No. 47 at 3, ¶ 3). Further, the lower court did not clearly disassociate itself from the case as the very next paragraph of the Order required the parties to submit briefs. *Id.* at 3, ¶ 4. Furthermore, on April 3, 2019, the lower court entered its Final Order on Fees and Costs that directs the clerk to enter judgment and thus, clearly disassociated itself from the case. A copy of the Final Order on Fees and Costs is attached hereto as Exhibit "B" pursuant to Fed. R. App. P. 27(a)(2)(B) and Eleventh Circuit Rule 27-1(a)(3).

8. Brown's reliance upon *Budinich v. Becton Dickinson & Co.* is misplaced because the case is factually distinguishable from the instant case. In *Budinich*, the trial court entered judgment after a jury verdict in favor of the plaintiff and the appeal followed the denial of all post-judgment motions and after the trial court's order on attorney's fees. 486 U.S. 196, 197–98 (1988). *Budinich* involved only two parties—the plaintiff and the defendant—that renders the case factually

3

distinguishable here as this case involved a non-final order, pursuant to Rule 54(b), and multiple defendants.

9. For the same reasons as *Budinich*, *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs* is not applicable to this case. 134 S. Ct. 773, 780 (2014). The trial court in *Ray Haluch* entered judgment resolving the claim for unpaid amounts against the single defendant. *Id.* at 777. The distinction of a single defendant renders the case factually distinguishable for the instant case as Rule 54(b) is not applicable and does not operate to prevent the judgment, or order in the instant case, from becoming final and appealable. *Id.* at 778–83 (discussing the remaining motions for attorney's fees as the only remaining post-judgment matter in the case).

10. In *RG&B Contractors, Inc.*, the 9th Circuit held that a successful litigant's failure to fully include all of its fees and costs incurred was not excusable neglect and did not justify relief under Federal Rules of Civil Procedure. *Familian Nw., Inc. v. RG&B Contractors, Inc.*, 21 F.3d 952 (9th Cir. 2012). The trial court entered judgment, and subsequently an amended judgment, in favor of Familian. *Id.* at 953–54. After entry of judgment but not within the time provided by the applicable rule, Familian filed a motion for reconsideration that was denied by the trial court. *Id.* at 953. On appeal, Familian argued its motion was timely as the matter of attorney's fees was still at issue. Relying on *Budinich* and, importantly

here, Rule 59(3), the 9th Circuit rejected Familian's argument. *Id.* at 955. The 9th Circuit further rejected Familian's argument for excusable neglect as it is an extraordinary remedy and the facts did not warrant its application. *Id.* at 955–56. Just as in *Budinich* and *Ray Haluch*, Familian prevailed against a single defendant and thus did not implicate the provisions of Rule 54(b), which renders the case similarly factually distinguishable from the present case.

11. In light of the plain language of the Order, Rule 54(b), and the holdings of *Gelboim* and *Tenet*, the matters Brown alleges to be at issue are plainly not because the lower court did not enter a final order from which an appeal may lie until April 3, 2019. (Doc. 4); Fed. R. Civ. P. 54(b); *Gelboim*, 135 S. Ct. at 902, 904; *Tenet*, 483 F. 3d at 775–77, 779. As discussed above, the cases cited purportedly in support of Brown's Motion provide no actual support as each involved a final judgment against a single defendant and thus did not implicate the provisions of Rule 54(b) as did the judgment in this case.

12. Further, this Court has clearly stated that, "except in certain types of cases, this circuit has recognized that since only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment." *Barfield v. Brierton*, 883 F.2d 923, 930–31 (11th Cir. 1989); *see also Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278–79 (11th Cir. 2018) (citing *Brierton* for the plenary nature of an appeal as the

5

"final order [draws] into question all prior orders…"). This Court went on to say that it "usually cannot hear appeals from non-final orders, 'even from fully consummated decisions when they are but steps towards a final judgment into which they merge….'" *Brierton*, 883 F.2d at 931. Therefore, the Order is properly reviewable by this Court even if Appellants had not specifically included it—out of an abundance of caution—in the Notice of Appeal.

13. Finally, not only is Brown's Motion facially deficient as a matter of law, it is procedurally improper since Brown did not attach copies of the documents referenced as plainly required by both the Federal Rules of Appellate Procedure and the Eleventh Circuit Rules. Fed. R. App. P. 27(a)(2)(B)(i); Eleventh Circuit Rule 27-1(a)(3).

WHEREFORE, Appellants, LAWN ENFORCEMENT AGENCY, INC., and MICHAEL TROIANO, respectfully request that the Court deny Brown's Motion to Dismiss for Lack of Jurisdiction with prejudice and grant such further and other relief deemed just and proper.

Dated May 17, 2019

                                                   Respectfully submitted,

                                                   */s/ Andrew S. Ballentine*
                                                   Andrew S. Ballentine (Fla. Bar No. 118075)
                                                   ABallentine@DSKLawGroup.com
                                                   Daniel F. Mantzaris (Fla. Bar No. 562327)
                                                   DMantzaris@DSKLawGroup.com

de Beaubien, Knight, Simmons,
Mantzaris and Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454
Facsimile: (407) 849-1845
Attorneys for Appellants, LAWN ENFORCEMENT AGENCY, INC., and MICHAEL TROIANO

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2019, I electronically filed this Response with the Clerk of the Court for the United States Court of Appeal for the Eleventh Circuit using the CM/ECF system, which will serve copies on all parties of record who are registered with CM/ECF.

/s/ Andrew S. Ballentine
Andrew S. Ballentine

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

1. I certify that this Response complies with the applicable type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A) since this Response includes 1,738 words (pursuant to Microsoft Word's word count function).

2. I further certify that this response complies with the type-style and typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6). This

Response was prepared in Microsoft Word 2013 using a 14-point Times New Roman font, which is a proportionally spaced type face.

*/s/ Andrew S. Ballentine*
Andrew S. Ballentine
